IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HELEN BURTON                                                                                          PLAINTIFF

VS.                                         CASE NO. 1:11-CV-1074

CENTRAL ARKANSAS
DEVELOPMENT COUNCIL                                                                       DEFENDANT

## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed on behalf of Defendant Central Arkansas Development Council. (ECF No. 16). Plaintiff has filed a response (ECF No. 19), and Defendant has filed a reply. (ECF No. 22). The Court finds this matter ripe for consideration.

## BACKGROUND

Plaintiff Helen Burton is a former employee of Defendant Central Arkansas Development Council ("CADC"). CADC is a non-profit organization that, among other things, provides non-emergency public transportation to qualified Arkansans. Burton began working for CADC in 1999. The incidents giving rise to this lawsuit occurred between August and December 2010. In August 2010, Plaintiff was interviewed and gave statements to CADC attorneys who were conducting a personnel investigation. The investigation related to disputes between Plaintiff's co-worker, Ellen Castleberry, and Debbie Bartlett, Plaintiff's CADC supervisor. Castleberry alleged that Bartlett excessively disciplined African-American CADC drivers while refusing to discipline white drivers. It appears that Plaintiff's statements to the attorneys substantiated Castleberry's claims that Bartlett was discriminating against employees on the basis of race. Bartlett ultimately remained in her position as a CADC supervisor, and it is unclear to the Court what, if anything, came of the internal investigation.

Approximately four months later, on the morning of December 16, 2010, Plaintiff noticed that Constance Barnes, a CADC driver, was acting strangely. Plaintiff also noticed that Barnes had the smell of mouthwash on her breath. Plaintiff shared her concerns about Barnes's possible impairment with her co-worker, Pearl Livingston. Livingston confronted Barnes and smelled alcohol on Barnes's breath. Barnes admitted to Livingston that she had been drinking. Livingston reported the incident to another co-worker, Cathy Swoboda, and eventually, Livingston notified her supervisor, Debbie Bartlett. However, before the incident was finally reported to Bartlett, Barnes was able to leave the facility in the CADC van and pick up a CADC client. Bartlett contacted the Pine Bluff Police Department, and Barnes was subsequently pulled over by an officer. She failed a horizontal gaze nystagmus test and a portable breathalyzer test at the scene. For reasons that are unclear to the Court, no charges were brought against Barnes relating to this incident.

After an investigation, CADC claims that it identified six employees who had learned of Barnes's possible intoxication prior to her leaving the facility in a CADC van: Plaintiff Helen Burton (age 55); Pearl Livingston (age 54); Cathy Swoboda (age 57); Maria Garcia (age 49); Sue Ellen Castleberry (age 33); and Gwen Edwards (age 53). Plaintiff, Castleberry, Livingston, and Swoboda were suspended and subsequently terminated on January 7, 2011 on grounds that they failed to timely notify their respective supervisors of Barnes's possible intoxication. CADC maintains that Edwards and Garcia were not terminated because they reported their concerns about Ms. Barnes to their superiors in a timely manner.

There are differing views about what became of Plaintiff's position after she was terminated. Plaintiff's Complaint alleges that her job duties were "reassigned" to persons under the age of forty, Jim Lowe and Mary McMillian. Mary McMillian is 23 years old, however,

2

Plaintiff now admits that Jim Lowe was actually in his fifties when he was assigned to Plaintiff's job duties. CADC maintains that Plaintiff's duties were only temporarily assigned to McMillian and Lowe and that Plaintiff's position was permanently filled by Beverly Coggins (age 53) on February 5, 2011, roughly one month after Plaintiff was terminated. (ECF No. 18, Exh. 9, *Affidavit of Carol Staley*). Plaintiff now takes a position contrary to the allegations found in her Complaint and claims she was not actually replaced by a person under the age of forty. She states that her position "was essentially eliminated due to [] downsizing." (ECF No. 20, pp. 4). Plaintiff claims that the loss of a CADC Medicaid contract forced CADC to make personnel cuts and that her position was never filled due to these cutbacks.

After her termination, Plaintiff filed this suit alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA") and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. and the Arkansas Civil Rights Act, ARK. CODE. ANN. § 12-123-101, *et seq*. ("ACRA"). Plaintiff alleges that age played a factor in her termination and that she was retaliated against for giving statements to CADC attorneys in the August 2010 personnel investigation.[1]

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

---

[1] Plaintiff makes one passing reference to a hostile work environment in the "Facts" section of her Complaint. Plaintiff does not set out a separate hostile work environment claim in her Complaint, and her pre-trial disclosure sheet states that she is alleging only "age discrimination and retaliation." (ECF No. 24). Accordingly, the Court will not construe Plaintiff's references to a hostile work environment as a separate cause of action.

3

Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir.1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## DISCUSSION

### I. Plaintiff's ADEA Claim

Plaintiff's Complaint states that CADC "committed an act of age discrimination in its reassignment of Plaintiff's job duties" to Mary McMillian and Jim Lowe, persons "under forty

4

years of age." (ECF No. 1, par. 35-36). In response, Defendant points out that (1) Jim Lowe was not under forty years of age at the time and (2) Plaintiff was permanently replaced by, Beverly Coggins, age 53, roughly a month after Plaintiff was terminated. Plaintiff appears to have abandoned this "reassignment" argument altogether. In her response to the present motion, Plaintiff states that someone substantially younger did not replace her. (ECF No. 20, p. 4). Plaintiff now claims that her position was "essentially eliminated due to downsizing." *Id*. Plaintiff argues that CADC had to make cutbacks and chose to terminate her because of her age.

The ADEA makes it "unlawful for an employer to…discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). When a plaintiff's ADEA claim is based upon circumstantial evidence rather than direct evidence, the familiar *McDonnell Douglas* burden-shifting framework is applied. *Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 637 (8th Cir. 2011). The burden is on the plaintiff to establish a *prima facie* case of age discrimination by showing (1) she is over 40; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by a substantially younger individual. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). "Once the plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment action." *Rahlf,* 642 F.3d at 637. If the employer gives a nondiscriminatory reason for its actions, the plaintiff then has the burden of showing that the employer's stated reason was pretext for discrimination. *Id*. "At all times, the plaintiff retains the burden of persuasion to prove that age was the 'but-for' cause of the termination." *Id*.

It is undisputed that Plaintiff is over 40 and that she suffered an adverse employment action. While CADC maintains that Plaintiff's actions during the Constance Barnes incident

5

made her "unqualified" for the position, the Court will assume for these purposes that Plaintiff was qualified. Plaintiff's *prima facie* case begins to break down when considering the fourth element because she fails to show that a substantially younger individual replaced her. Instead she claims that her position was eliminated due to CADC cutbacks and that age was a factor in CADC's decision to terminate her. She states that CADC failed to do an "analysis of all the people in [her] position to determine if she was the most qualified regardless of age." (ECF No. 20, p. 4). In sum, Plaintiff appears to be arguing that she was more qualified than substantially younger individuals who were not terminated during the alleged cutbacks.

CADC, with supporting affidavits, disputes Plaintiff's "cutbacks" theory. CADC maintains that Plaintiff's position was not eliminated and that her position was permanently filled by a person of comparable age. (ECF No. 18, par. 29-30; ECF No. 20, Exh. 9, *Affidavit of Carol Staley*). Plaintiff has submitted virtually no evidence to support her contentions regarding the elimination of her position or CADC's lack of "analysis" in the alleged loss of contract/cutback scenario. She has neither attached any affidavits to her response in opposition to CADC's motion, nor has she cited any supporting documents or pointed out any specific deposition testimony to substantiate her claims. For these reasons, CADC has carried its burden of showing that there is no material question of fact as to whether Plaintiff's position was eliminated and whether Plaintiff was replaced by a substantially younger individual. The evidence before the Court points to Plaintiff being permanently replaced by a person of comparable age shortly after she was terminated. Accordingly, Plaintiff has failed to establish a *prima facie* case of age discrimination.

Even if Plaintiff was successful in establishing a *prima facie* case, her ADEA claim would still fail. If a *prima facie* case has been established, CADC must then put forth a

legitimate, non-discriminatory reason for Plaintiff's termination. In this case, CADC claims that Plaintiff was suspended and eventually terminated, along with three other employees, for violating CADC policy by failing to report a potentially impaired CADC van driver in a timely fashion. Because a nondiscriminatory reason has been submitted by CADC, Plaintiff must now "'present evidence, that considered in its entirety (1) creates a fact issue as to whether the defendant's proffered reasons are pretextual and (2) creates a reasonable inference that age was a determinative factor in the adverse employment decision.'" *Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 516 (8th Cir. 2011) (quoting *Wingate v. Gage County Sch. Dist., No. 34*, 528 F.3d 1074, 1079 (8th Cir. 2008)). "[P]roof that the explanation is false is necessary, but not sufficient, to show a pretext for discrimination under the ADEA. In other words, the plaintiff must show that the employer's stated reason was false *and* that age discrimination was the real reason." *Id*. (emphasis added).

Plaintiff has offered little evidence that CADC's reason for her termination was false or that it was somehow motivated by age. Plaintiff focuses her arguments on whether the CADC van driver, Constance Barnes, was actually impaired on the morning of the incident. According to Plaintiff, she "simply did not report a suspicious activity which was unsubstantiated and ultimately proven to be false. That creates the pretextual reason for termination[.]" While Plaintiff states that the van driver's impairment was "unsubstantiated," Plaintiff admitted that she witnessed Barnes acting strangely, that Barnes was "talking loud and crazy," and that she could smell mouthwash on Barnes's breath. At least six employees noticed the strange behavior, one reported that Barnes admitted to drinking alcohol that morning, and a supervisor was eventually notified. The supervisor was concerned enough to notify the Pine Bluff Police Department that she believed Barnes was operating a vehicle under the influence of alcohol. After being pulled

7

over by police, it is undisputed that Barnes failed two sobriety tests at the scene. (ECF No. 18, Exh. 11, *Pine Bluff Police Report*). Given the reaction of the supervisors at the time of the incident and the information found in the police report, it appears that CADC believed in good faith that Barnes was a danger and that CADC policy had been violated by the employees who did not timely report her behavior. Other than making the conclusory statement that the accusations against Barnes were "unsubstantiated,"[2] Plaintiff has offered no evidence that CADC somehow manufactured this incident as an excuse to terminate her.

In addition to failing to show pretext, a closer look at which employees were terminated as a result of the Constance Barnes incident also undercuts Plaintiff's theory. Plaintiff does not dispute CADC's determination that six employees were aware of Constance Barnes' suspicious behavior. Two of those employees, age 49 and 53, were determined to have reported the behavior in a timely fashion and were not terminated. Of the four employees who were terminated, including Plaintiff, one was in her early thirties. Considering the ages of those kept on and those terminated, coupled with the legitimate reason for the terminations, the Court finds nothing to suggest that CADC was targeting older employees.

Because Plaintiff has failed to establish a *prima facie* case of age discrimination and has failed to show that CADC's reason for terminating her was pretextual, summary judgment in favor of CADC as to Plaintiff's age discrimination claim is appropriate.

II. *Plaintiff's retaliation claim*

Plaintiff's Complaint alleges that CADC violated Title VII and the Arkansas Civil Rights Act ("ACRA") by retaliating against Plaintiff for giving "a statement to CADC attorneys

---

[2] The Court can only assume that by saying the accusations were "unsubstantiated," Plaintiff is referring to the fact that criminal charges were not brought against Barnes. A lack of criminal charges does not alter the fact the CADC believed in good faith that Barnes was not fit to transport CADC clients on the day of the incident and that, regardless of Barnes's actual impairment, employees were obligated to report suspicious behavior pursuant to CADC policy.

investigating a work situation involving Ms. Bartlett [Plaintiff's supervisor] and Ms. Castleberry [Plaintiff's co-worker]." (ECF No. 1, par. 42). Plaintiff elaborates on this allegation in her response to present motion and claims that Ms. Bartlett regularly discriminated against African American employees and that, at least once, she used the "N" word at work. Plaintiff states more generally that she was retaliated against for "objecting to Ms. Barlett's continued racial discrimination…."

Title VII makes it unlawful for an employer to retaliate against an employee for "oppos[ing] any practice made unlawful by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). ACRA contains a nearly identical prohibition. ARK. CODE ANN. § 16-123-108(a). Plaintiff's retaliation claim is subject to the *McDonnell Douglas* burden-shifting framework, *Logan v. Liberty Healthcare Corp.,* 416 F.3d 877, 880 (8th Cir. 2005), and the analysis of a retaliation claim is the same under Title VII and ACRA. *McCullough v. Univ. of Ark. for Med. Scis.*, 559 F.3d 855, 864 (8th Cir. 2009). Plaintiff must establish a *prima facie* case of retaliation by showing that "(1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action." *Burkhart v. Am. Railcar Indus., Inc*., 603 F.3d 472, 477 (8th Cir. 2010). If Plaintiff establishes a *prima facie* case and CADC then produces a legitimate, non-discriminatory reason for the termination, the burden shifts to Plaintiff to "present evidence that '(1) creates a question of fact as to whether [CADC's] proffered reason was pretextual and (2) creates a reasonable inference that [CADC] acted in retaliation.'" *Id*. (quoting *Smith v. Allen Health Sys., Inc*., 302 F.3d 827, 833 (8th Cir. 2002)).

It is undisputed that Plaintiff suffered an adverse employment action, and the Court will assume for these purposes that her interview with CADC attorneys regarding Ms. Bartlett's allegedly discriminatory conduct was protected activity. However, Plaintiff has failed to put forth sufficient evidence of the third element—that there was a causal connection between her interview with CADC attorneys and her termination. To establish that there was a causal connection, "the plaintiff must show that the protected conduct was a 'determinative—not merely motivating—factor in the employer's adverse employment decision.'" *Tyler v. Univ. of Arkansas Bd. of Trustees*, 628 F.3d 980, 985 (8th Cir. 2011) (quoting *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1148 (8th Cir. 2008)). Plaintiff is also required to show more than a "temporal connection…to present a genuine factual issue" on whether there was a causal connection. *Id*. at 986. The Eighth Circuit has held that one or two-month intervals between the protected activity and the adverse employment action dilute any inference of causation when the temporal element is the only evidence of retaliation. *Kipp v. Missouri Highway & Transp. Comm'n.*, 280 F.3d 893, 897 (8th Cir. 2002); *Smith v. Fairview Ridges Hosp.*, 625 F.3d 1076, 1088 (8th Cir. 2010), abrogated on other grounds by *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011).

In this case, Plaintiff's only evidence of retaliation appears to be temporal.[3] She interviewed with a CADC attorney about Ms. Bartlett's behavior on August 12, 2010. Her suspension stemming from the Constance Barnes incident was imposed on December 17, 2010. She was not terminated until January 7, 2011. Given the four-month interval between Plaintiff's

---

[3] Plaintiff alleges in her Complaint that "several employees who were interviewed and gave statements to the attorneys regarding the dispute between Debbie Bartlett and Sue Ellen Castleberry were terminated" (ECF No. 1, par. 15). However, Plaintiff has not given specifics regarding this allegation at the summary judgment stage. In her response to the present motion, Plaintiff makes the conclusory statement that "CADC eliminated the employees who challenged Ms. Bartlett and who challenged the discriminatory treatment of African Americans at CADC by Ms. Bartlett." (ECF No. 20, p. 3). Plaintiff offers no specifics as to who these other employees were or what circumstances surrounded their terminations.

interview and her suspension, the Court cannot infer a causal connection between Plaintiff's protected activity and the adverse employment action.

Additionally, Plaintiff has offered little evidence that Ms. Bartlett had any meaningful influence in the termination decision. While Bartlett was Plaintiff's supervisor, Defendant has submitted deposition testimony from Sue Ellen Castleberry who was terminated along with Plaintiff that sheds light on the termination process in this case. Sue Ellen Castleberry testified that Ms. Bartlett did not make the final termination decision. (ECF No. 21, Exh. 2, *Deposition of Sue Ellen Castleberry*). Rather, each of the employees involved in the Constance Barnes incident were interviewed by Carol Staley, CADC's human resources manager. Ultimately, it was Ms. Staley who suspended and terminated the employees after these interviews.[4]

Plaintiff has failed to show a causal connection between her protected activity and the subsequent adverse employment action. Accordingly, she has failed to establish a *prima facie* case of retaliation, and summary judgment in favor of CADC is appropriate as to this claim.[5]

## CONCLUSION

For the reasons stated above, the Court finds that summary judgment in favor of CADC is appropriate as to Plaintiff's age discrimination and retaliation claims. Accordingly, the Motion for Summary Judgment (ECF No. 16) should be and hereby is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. A Judgment of even date consistent with this Opinion shall issue.

---

[4] It is worth noting that at least one employee who was terminated in the aftermath of the Constance Barnes incident was not supervised by Bartlett. This fact tends to show that the discipline handed down to these employees did not arise solely from reports by Ms. Bartlett in her role as a supervisor.

[5] Even if Plaintiff were able to establish a prima facie case of retaliation, she would be unable to establish that CADC's termination decision was pretext for retaliation. CADC has produced very strong evidence regarding their legitimate, nondiscriminatory reason for the termination. Much like her age discrimination claim, Plaintiff has offered no evidence that would suggest that retaliation was the *determinative* factor in her termination.

IT IS SO ORDERED, on this 19th day of February, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge